IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN VILLAR,

        Plaintiff,                     No. CIV S-10-1910 KJM KJN

    vs.

BANK OF AMERICA CORPORATION,

        Defendant.              <u>ORDER AND ORDER FOR SANCTIONS</u>

_____/

        On July 19, 2010, defendant Bank of America removed this case from San Joaquin County Superior Court and on July 27, 2010, filed a motion to dismiss.  Plaintiff failed to file an opposition or statement of non-opposition to the motion.

        On October 12, 2010, the court issued an order and order to show cause, directing plaintiff to file his opposition or statement of non-opposition no later than November 17, 2010 and ordering plaintiff's counsel to show cause why he should not be sanctioned for failing to respond to the motion to dismiss.  Plaintiff's counsel filed neither an opposition or statement of non-opposition to the motion to dismiss, nor showed cause why he should not be sanctioned.

        On November 22, 2010, the court issued an order for sanctions and a further order to show cause.  It sanctioned plaintiff's counsel, Wendell Jamon Jones, $150.00, payable to the Clerk of the Court, for Jones's failure to oppose the motion to dismiss and directed counsel to

1  show cause by January 14, 2011, why the action should not be dismissed for failure to prosecute
2  and why he should not be sanctioned an additional $300.00 for his failure to respond to court
3  orders and deadlines.  Plaintiff's counsel has not responded to this order and has not paid the
4  $150.00 assessed against him in the order of November 22, 2010.

5  Before this court may dismiss this action for failure to prosecute under Federal
6  Rule of Civil Procedure 41(b), it must weigh "'(1) the public's interest in expeditious resolution
7  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
8  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
9  drastic sanctions.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010), quoting
10 Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Such a dismissal also requires a
11 showing of "unreasonable delay."  Omstead 594 F.3d at 1084.

12 In this case, both the public's interest in expeditious resolution of this case and
13 the court's interest in docket management support dismissal.  Plaintiff's complete failure to
14 respond to defendant's motion to dismiss and to two orders directing him to respond suggests
15 that resolution of this case will be delayed while the court attempts to secure plaintiff's
16 compliance with its orders, which in turn will undercut its ability to manage its docket.
17 Moreover, the court's reliance on less drastic alternatives – the issuance of orders to show cause
18 and the imposition of monetary sanctions against counsel – has not induced compliance with its
19 orders.  Indeed, counsel's failure to satisfy the earlier sanction order demonstrates counsel's
20 disregard for this court's orders.  Finally, it does not appear that defendant will be prejudiced by
21 the dismissal. Consideration of these factors outweighs the policy favoring disposition of cases
22 on their merits.

23 IT IS THEREFORE ORDERED that:

24 1.  Plaintiff's counsel Wendell Jamon Jones is ordered forthwith to pay the
25 $150.00 previously assessed, in the form of a check payable to the Clerk of the Court.  This sum
26 is to be paid personally by counsel.

1  2. Plaintiff's counsel Wendell Jamon Jones is ordered to pay sanctions in the amount of $300.00 for his failure to respond to the Order to Show Cause filed on November 22, 2010.  Payment should be in the form of a check made payable to the Clerk of the Court.   The sum is to be paid personally by plaintiff's counsel not later than (14) fourteen days from the filing of this Order for Sanctions.

3.  This case is dismissed for failure to prosecute.  Fed. R. Civ. P. 41(b).

DATED: February 1, 2011.

_____
UNITED STATES DISTRICT JUDGE

2

vill1910.dis

3